IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KURT PATRICK KRUG, as an Individual<br><br>Plaintiff(s),<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC. d/b/a ACCURINT FOR GOVERNMENT; and DOES 1 TO 10, Inclusive<br><br>Defendant(s). | ) | CIVIL ACTION FILE NO. 1:25-cv-04807-JPB-JHR |

**FIRST AMENDED COMPLAINT**

Plaintiff KURT PATRICK KRUG (hereafter "Plaintiff") respectfully shows the Court the following:

**NATURE OF THE ACTION**

1. Defendant LEXISNEXIS is a consumer reporting agency as defined in 15 U.S.C. §1681a(f).

2. Defendant LEXISNEXIS is a consumer reporting agency that regularly sells consumer reports for the purposes of determining the consumer's eligibility for a license or other benefit granted by a governmental instrumentality. 15 U.S.C. §1681b(a)(3)(D).

3. On or about July 7, 2023, Plaintiff applied to the State of Michigan Department of Insurance and Financial Services ("Michigan") for a "Resident Producer License."

4. Michigan evaluates "Resident Producer License" applicants' financial responsibility and status. MCL 500.1239(1)(g). Michigan also prohibits licensure of applicants convicted of certain criminal acts. MCL 500.1239(1)(e)(iii).

5. After August 25, 2023, Plaintiff was notified that his application "has not been processed" due to "possible criminal history" information obtained through Michigan's investigation.

6. Plaintiff has never been convicted of the crime described by the August 25, 2023 letter.

7. A copy of the consumer report furnished by Defendant LEXISNEXIS to Michigan ("Report") was never attached to the August 25, 2023 letter.

8. On or about August 29, 2023, Plaintiff was informed for the first time by Michigan that the consumer reporting agency that furnished the criminal history information was "Accurint for Government."

9. Defendant LEXISNEXIS markets a product under the name "Accurint for Government" that is, in its own words, "already used by approximately 4,000 government agencies across the country." Defendant advertises that the product delivers, among other things, "[c]redit reports," "[b]ankruptcies, liens and

judgments," "[a]ssets," "[r]eal property records," "[p]rofessional licenses/sanctions" and "criminal records" about the individuals its government customers investigate. LexisNexis Risk Solutions: Accurint® for Government, *located at* https://risk.lexisnexis.com/products/accurint-for-government (last visited August 14, 2026).

10. Defendant LEXISNEXIS compiled the information in the Report, and maintains the databases from which the Report was generated, for the purpose of furnishing reports to third parties, including government agencies making eligibility determinations of the kind described in 15 U.S.C. § 1681b(a)(3)(D).

11. Defendant LEXISNEXIS expected that reports furnished through Accurint for Government would be used for purposes described in 15 U, § 1681b(a)(3)(D). Defendant designed, priced, and marketed the product for exactly that use.

12. On or about August 29 or 30, 2023, Plaintiff requested a copy of his file from LEXISNEXIS pursuant to 15 U.S.C. §1681g(a).

13. On or about August 30, 2023 Plaintiff received a correspondence from LEXISNEXIS wherein LEXISNEXIS disclaimed that it was a consumer reporting agency, disclaimed that its reports were consumer reports, and failed to comply with 15 U.S.C. §1681g(a) in any respect except to provide a report containing compiled public records information or the Report.

14. Specifically, the disclosure failed to contain the sources of the information; the identification of each person that procured a consumer report; and the summary of rights to obtain and dispute information in consumer reports.

15. Accordingly, Plaintiff did not know to dispute or otherwise ensure that the information maintained by LEXISNEXIS must be accurate.

16. The disclosure contained a "Possible Criminal Record" which contained two counts: 1) felony armed robbery; and 2) felony weapons firearm. Under each count, LEXISNEXIS discloses the disposition as "CLOSED." Exhibit 1, at pp.29-30.

17. This disposition is inaccurate and misleading because Plaintiff was never convicted of any these charges. These charges were dismissed pursuant to an "Order of Acquittal/Dismissal" entered on January 25, 2001.

18. The Report runs fifty-six pages and is drawn from 187 source documents, only four of which are criminal. It reports a civil money judgment entered against Plaintiff and the identity of the judgment creditor; it screens for and reports bankruptcies and UCC filings; it reports parcels of real property associated with Plaintiff together with assessed and market values, deed book and page numbers, sale dates and sale parties; it reports his registered vehicles and screens each of them for secured creditors along with vehicle prices; it reports his employment and his professional licensure; and it reports the median household

income of the neighborhoods where he has lived. Such information also bear on Plaintiff's character, general reputation, personal characteristics, and/or mode of living.

19. On information and belief, the disclosure was generated from the same Accurint databases and data files from which the Report was generated, and it reflects the categories of information Defendant compiles about consumers and furnishes to its customers through Accurint for Government.

20. The Report is therefore a "consumer report" within the meaning of 15 U.S.C. § 1681a(d)(1).

21. As a direct consequence of the disclosure of Plaintiff's "Possible Criminal Record" to Michigan for licensing purposes, Michigan paused processing of his license.

22. As a direct result of the delay in his licensing application, Plaintiff was inconvenienced, suffered emotional distress and anxiety, and damages to his reputation as a well as a delay/denial of his employment opportunity in connection with the delay in obtaining his license from Michigan.

23. On information and belief, Defendant is one of the largest consumer data companies in the United States. It maintains a "LexisNexis® Consumer Center" staffed during posted business hours for the express purpose of receiving and answering consumer requests for the information it holds, and a unit it calls

"Accurint Consumer Disclosures" that processes those requests. On information and belief, Defendant and its affiliates also furnish consumer reports that they acknowledge are governed by the FCRA through other product lines. Defendant knows what the FCRA requires of a consumer reporting agency.

24. Defendant LEXISNEXIS nevertheless adopted and applied a blanket position that the Accurint product is categorically outside the FCRA, without regard to what any particular report contains, who receives it, or why.

25. Defendant's position is foreclosed by appellate cases interpreting relevant statutory texts, and no contrary authority justifies it.

26. Defendant LEXISNEXIS knew, or should have known, the facts that make its position untenable under the existing law. It knew that Accurint for Government reports are compiled from bankruptcy, lien, judgment, tax assessor, deed, motor vehicle lien, employment and professional license sources, because it advertises exactly that. It knew that its government customers use those reports in connection with enforcing laws and regulations and licensing.

27. Defendant's conduct was, at a minimum, in reckless disregard of its statutory obligations under 15 U.S.C. §§ 1681e(b), 1681g(a) and 1681b(a).

## THE PARTIES

28. Defendant LEXISNEXIS RISK SOLUTIONS, INC. is headquartered in Atlanta Georgia and operates under the name of ***Accurint for Government*** which

regularly markets itself to government agencies as a furnisher of consumer information including information related to consumer character, personal characteristics and mode of living. LEXISNEXIS may be served via its registered agent for service of process, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

29. At all times relevant herein, it knew its reports would be used, and expected to be used for purposes disclosed under 15 U.S.C. §1681b(b)(3)(D).

30. Plaintiff, for all times relevant herein, is a resident of the State of Michigan. He currently resides in the City of China and County of St. Clair.

## JURISDICTION AND VENUE

31. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 et seq.

32. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FAIR CREDIT REPORTING ACT

33. The Fair Credit Reporting Act ("FCRA") regulates dissemination and use of information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." 15 U.S.C. §1681a(d)(1).

34. The FCRA imposes a carefully-balanced system of requirements on users (such as Michigan) and consumer reporting agencies (such as Defendants LEXISNEXIS) in order to ensure that consumer information is used "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681(b).

35. For this reason, the FCRA generally requires consumer reporting agencies to maintain a reasonable procedure to ensure "maximum possible accuracy" of reported information (15 U.S.C. §1681e(b)).

36. The FCRA also requires both the user and the consumer reporting agency to ensure that consumers are aware that consumer information is being sold about them, whom it is being sold to, and be informed of his rights under the FCRA.

37. When deprived of one or more notices required under the FCRA, a job applicant is likely deprived of a timely opportunity to review, dispute, and correct inaccurate or obsolete information that may adversely affect his employment.

## CLASS ACTION ALLEGATIONS

38. Pursuant to Federal Rules of Civil Procedure, Plaintiff assert claims on behalf of the following Classes:

a. **FULL FILE DISCLOSURE CLASS:** All natural persons in the United States who have requested disclosure of their own information from LEXISNEXIS and whose information has been sold by Accurint for Government within the 2-years prior to the date of the filing of the subject complaint through the date of certification of the class.

b. **CERTIFICATION CLASS:** All members of the FULL FILE DISCLOSURE CLASS for whom Accurint for Government did not obtain, and independently verify, the identity verification and purpose certification of the user to whom it provided information about the member.

39. Questions of law and fact common to the proposed Classes exist that predominate over questions affecting only individual members, including:

a. Whether Accurint for Government was selling consumer information for an enumerated purpose under the FCRA 15 U.S.C. § 1681b(a)(3)(C) or (D);

b. Whether Accurint for Government knew or should have known that, when it was selling consumer information to Government Entities, the information was intended to be used in connection with the underwriting of insurance;

c. Whether Accurint for Government knew or should have known that when it was selling consumer information to Government Entities, the information was intended to be used for eligibility for a license or other benefits granted by a government;

d. Whether Accurint for Government knew or regularly engages in the practice of assembling of consumer report information on consumers for monetary fees; and

e. Whether Accurint for Government knew or should have known that it should comply with 15 U.S.C. §1681g(a) in response to consumer request for information.

f. Alternatively, whether Accurint for Government knew or should have known that it was required to maintain a reasonable procedure to verify user and purpose under 15 U.S.C. § 1681e(a) and that, when it was selling consumer information to Government Entities:

   i. The information might be used for eligibility for a license or other benefits granted by a government *not* required by law to consider the consumer's "personal" financial responsibility or status; and/or

   ii. The information might be used for a permissible purpose not enumerated under 15 U.S.C. § 1681b(a).

40. Plaintiff is a member of the proposed Classes, and the claims asserted by Plaintiff in this action are typical of the claims of the members of each proposed Class as the claims arise from the same source of conduct by Defendant(s) and the relief sought is common.

41. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Classes, as their interests are consistent with, and not antagonistic to, the other members of the Classes.

42. Plaintiff has retained counsel competent and experienced in both FCRA and class action litigation.

43. Certification of the Classes is appropriate pursuant to Federal Rules of Civil Procedure 23(b)(3) because questions of law or fact common the respective members of each Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action, it would be unlikely that many members of the Classes would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

44. A class action is a superior method for the adjudication of the controversy in that it will permit a large number of claims to be resolved in a single

forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

**Cause of Action I: 15 USC 1681e**

**(INDIVIDUAL CLAIM against LEXISNEXIS)**

45. Plaintiff realleges and incorporates by reference preceding paragraphs from 1 to 37.

46. Subsection (a) of 15 U.S.C. §1681e mandates that a consumer reporting agency maintain a reasonable procedure to ensure the maximum possible accuracy of consumer information included on a consumer report.

47. All information related to Plaintiff's criminal record is publicly and readily available including the acquittal/dismissal of Plaintiff's charges.

48. The Report is inaccurate and/or misleading because it omitted the single most important fact about the case: that the charges were dismissed and Plaintiff was acquitted. A report that lists two felony charges, characterizes the case as involving "CAPITAL FELONIES," and then reports the disposition as "CLOSED" is inaccurate and materially misleading, because it is not reasonably capable of being understood to mean that the consumer was never convicted.

49. The Report was also internally inconsistent as to date. It gave the disposition status as of April 20, 2000, notwithstanding that the Order of Acquittal/Dismissal was entered on January 25, 2001.

50. Defendant LEXISNEXIS failed to use reasonable procedures to ensure maximum possible accuracy of the information including consultation of readily available public records to ensure that the reported information is accurate and complete.

51. On information and belief, Michigan understood the Report to mean that Plaintiff had a criminal conviction he had concealed. Its August 25, 2023 letter demanded a "conviction date," a statement describing "the circumstances surrounding the conviction," and an explanation of "why you did not disclose this on your application." Exhibit 2. That is the natural reading of what Defendant furnished and consistent with the disclosure in the Report.

52. Defendant LEXISNEXIS's disclosure policy is therefore a negligent, willful and/or reckless violation of subsection (b) of 15 U.S.C. §1681e and Plaintiff seeks actual and statutory damages against Defendant.

**Cause of Action II: 15 USC 1681g(a)**

**(CLASS CLAIM against LEXISNEXIS)**

53. Plaintiff realleges and incorporates by reference preceding paragraphs from 1 to 44.

54. Subsection (a) of section 1681g of Title 15 of the United States Code mandates that Defendant furnish the mandated information to a consumer in response to a consumer's request for information.

55. On information and belief, Plaintiff alleges that Defendant LEXISNEXIS knew, or should have known, that at all times relevant herein, it was a consumer reporting agency and that it was furnishing consumer reports to Government entities for an enumerated purpose.

56. Defendant LEXISNEXIS knew, or should have known, that it was required to comply with 15 USC §1681g in response to consumer requests for information.

57. As a result of Defendant LEXISNEXIS's willful conduct, consumers were deprived of the right to receive notices of their rights under 15 U.S.C. §1681g including disclosure of the identity of the recipients of Plaintiff's consumer information, Plaintiff's right to dispute and otherwise ensure accuracy of the information maintained by Defendant.

58. Defendant LEXISNEXIS's willful and/or reckless violation entitles Plaintiff and members of the FULL FILE DISCLOSURE CLASS statutory damages under 15 U.S.C. §1681n.

**Cause of Action III: 15 U.S.C. § 1681e(a)**

**(CLASS CLAIM against LEXISNEXIS)**

59. Plaintiff realleges and incorporates by reference preceding paragraphs from 1 to 44.

60. In the alternative to Plaintiff's allegation that Michigan's receipt of the Report was a purpose authorized by 15 U.S.C. § 1681b(a)(3)(D), Plaintiff alleges that there was no permissible purpose for Michigan's actual receipt and use of the Report.

61. Subsection (a) of section 1681e of Title 15 of the United States Code requires Defendant LEXISNEXIS to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b, including the requirement that prospective users identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Defendant LEXISNEXIS is required to make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report and is prohibited from furnishing the report if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

62. The Report is a consumer report within the meaning of 15 U.S.C. § 1681a(d) because Defendant LEXISNEXIS collected and compiled the information in it, and expected that information to be used, for the purpose, among others, of

serving as a factor in establishing consumers' eligibility for licenses and other benefits granted by governmental instrumentalities as well as employment. Either of those alternatives independently satisfies the Purpose clause of Section 1681a(d).

63. On information and belief, Defendant LEXISNEXIS does not obtain or verify the identity of a new prospective user or certification from the user of the purposes for which the information if sought before furnishing a consumer report to the user. Even if it receives information about the user's identity or obtains such certification from the user regarding the user's purposes, it simply accepts the information or certification from the user without making any independent effort to verify the information so received.

64. Defendant LEXISNEXIS takes the position that no permissible purpose is needed when the government user is *not* required by law to consider an applicant's "personal" financial responsibility or status.

65. On information and belief, Defendant LEXISNEXIS does not review whether a government user is required by law to consider an applicant's "personal" financial responsibility or status before furnishing an Accurint for Government report to the user.

66. On information and belief, Defendant LEXISNEXIS knew or should have known that furnishing consumer information originally compiled or later

expected to be used for a permissible purpose to a user without obtaining and verifying the user's identify and permissible purpose for actual use poses a substantial risk of furnishing a consumer report without a permissible purpose.

67. Defendant's failure was willful or in reckless disregard of its obligations within the meaning of 15 U.S.C. § 1681n. Appellate cases establish that it must comply with provisions of section 1681e(a), and no conflicting authority exists.

68. As a result of Defendant LEXISNEXIS's willful conduct, consumers suffered injuries described above, including the disclosure of their personal information to a third party without the authorization and certification Congress required and denial of their rights to information under the FCRA.

69. Defendant LEXISNEXIS's willful and/or reckless violation entitles Plaintiff and members of the CERTIFICATION CLASS statutory damages under 15 U.S.C. §1681n.

**PRAYER FOR RELIEF**

70. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For an order certifying proposed Classes and appointing Plaintiff and his counsel as the representative and class counsel for the proposed Classes;

b. For a declaration that Defendants' practices violate the FCRA;

c. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

d. For interest upon such damages as permitted by law;

e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

f. For the costs of the lawsuit;

g. For injunctive relief as applicable; and

h. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

71. Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

This 18th day of August, 2026.

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

*/s/ Charles J. Cole*
Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com
678.999.1105

**DHF LAW, P.C.**
556 N. Diamond Bar Blvd., Suite 304

*/s/ Devin H. Fok*
Devin H. Fok

Diamond Bar, CA 91765

California Bar No. 256599
devin@devinfoklaw.com
888.651.6411
*Pro Hac Vice*

*Counsel for Plaintiff*